IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUTHER G. JAMISON,

           Petitioner,                No. CIV S-05-2171 GEB DAD P

     vs.

S.W. ORNOSKI, et al.,            ORDER AND

           Respondents.         FINDINGS AND RECOMMENDATIONS

_____/

         Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has paid the required filing fee.

         In the first three pages of the form petition filed October 28, 2005, petitioner sets forth facts concerning his 1983 San Joaquin County conviction of first degree murder and robbery, for which he received a sentence of 25 years to life in state prison. In the next four pages of the form petition, petitioner alleges four due process violations concerning parole. Although petitioner repeatedly asserts his belief that he should be released on July 22, 2006, his grounds for relief are vague and conclusory. In place of supporting facts, petitioner offers only argument. Petitioner's entries on the form petition fail to indicate the date of the parole decision under attack and any facts concerning petitioner's exhaustion of state court remedies.

Attached to the form petition are copies of three court orders.  The first exhibit is an order filed August 19, 2005, in the California Supreme Court.  It appears that petitioner sought review of an order entered in the Marin County Superior Court concerning parole.  The California Supreme Court transferred the matter to the California Court of Appeal, First Appellate District, with instructions to deny the petition if the pleading was substantially identical to a prior petition.

Petitioner's second exhibit is an order filed in the California Court of Appeal, First Appellate District, on August 25, 2005.  The court deemed the petition to be a petition for writ of habeas corpus and denied the petition without prejudice to the filing of a new petition in the San Joaquin County Superior Court.

Petitioner's third exhibit is an order filed in the San Joaquin County Superior Court on October 18, 2005, denying a petition for writ of habeas corpus filed on September 14, 2005.  The order reveals that the petition presented a challenge to a parole hearing conducted on August 23, 2004.  Petitioner contended that the Board of Prison Terms unlawfully refused to set a release date at the hearing.  Petitioner also asserted that the Board had a policy of denying parole to all life prisoners.  The court examined the facts on which the Board based its decision of unsuitability for parole and ruled that the Board's reasons were valid.

Exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  Exhaustion cannot be waived except by explicit waiver of counsel for the respondents.  28 U.S.C. § 2254(b)(3).  In order to satisfy the federal exhaustion requirement, a state prisoner must fairly present all of his federal claims to the state's highest court before he presents them to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  In California, a federal claim is fairly presented to the state's highest court by presenting the claim to the California Supreme Court in a pleading that describes the operative facts and the legal

theories upon which the claim is based.  Bland v. California Dep't of Corrections, 20 F.3d 1469,

1473 (9th Cir. 1994).  "[A] prisoner challenging a parole decision is first eligible to file a federal

habeas petition only after state habeas proceedings are complete."  Redd v. McGrath, 343 F.3d

1077, 1082 (9th Cir. 2003).

        The petitioner in this case filed his federal habeas petition on October 28, 2005.  It

does not appear that petitioner exhausted state court remedies by presenting his claims to the

California Court of Appeal for the Third Appellate District and then to California Supreme Court

after his habeas petition was denied by the San Joaquin County Superior Court on October 18,

2005.  Accordingly, this court cannot grant petitioner any relief relative to the Board of Prison

Terms' 2004 decision finding petitioner unsuitable for parole.  The undersigned will therefore

recommend that this case be dismissed without prejudice for failure to exhaust state court

remedies prior to filing this action.  If petitioner subsequently exhausts available state court

remedies, he may commence a new federal habeas case.[1]

        IT IS HEREBY ORDERED that:

        1.  Petitioner's October 28, 2005 application to proceed in forma pauperis is

denied as unnecessary;

        2.  The Clerk of the Court shall serve a copy of this order and findings and

recommendations, together with a copy of the habeas petition filed October 28, 2005, upon the

Attorney General of the State of California; and

---

[1] A one-year statute of limitations applies to the filing of a non-capital habeas corpus petition in federal court.  See 28 U.S.C. § 2244(d)(1).  When a petitioner challenges the decision of an administrative body, such as a parole board, the one-year period of limitation begins to run on the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003).  In general, the one-year period will begin to run on the date the  administrative decision becomes final.  391 F.3d at 1065-66; 343 F.3d at 1084.  The one-year period is tolled during the pendency of a properly filed application for collateral review of the decision.  28 U.S.C. § 2244(d)(2).  The one-year period is subject to equitable tolling if extraordinary circumstances beyond a prisoner's control make it impossible to file a federal petition on time.  Redd, 343 F.3d at 1081.

1          IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus

2   be dismissed without prejudice for failure to exhaust state court remedies.

3          These findings and recommendations will be submitted to the United States

4   District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

5   twenty days after being served with these findings and recommendations, petitioner may file

6   written objections with the court.  A document containing objections should be titled "Objections

7   to Findings and Recommendations."  Petitioner is advised that failure to file objections within

8   the specified time may, under certain circumstances, waive the right to appeal the District Court's

9   order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: April 28, 2006.

11

12                                   _Dale A. Drozd_

13                                   DALE A. DROZD
                                     UNITED STATES MAGISTRATE JUDGE
14  DAD:13
    jami2171.103
15

16

17

18

19

20

21

22

23

24

25

26